WORMSER et al. v. RUBINSTEIN et al.

(Supreme Court, Appellate Term, First Department. March 4, 1915.)

ESTOPPEL (§ 102*)—EXTENT OF ESTOPPEL.

> Where purchasers of goods, who had paid therefor by delivering notes, paid in due course, after learning that the accounts had been assigned, failed to make any claim to the assignees that the accounts had been paid, though they were estopped to set up payment, they were only estopped to the extent to which the assignees had been damaged, and the assignees could only recover the consideration paid for the assignments, as the doctrine of estoppel can be invoked only so far as necessary to make the injured party whole, and the fact that the seller and the purchasers, who exchanged notes, were kiting notes, did not change the rule.

> [Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 294; Dec. Dig. § 102.*]

Appeal from City Court of New York, Trial Term.

Action by Moritz Wormser and another against Morris Rubinstein and others. From a judgment in favor of plaintiffs for $902.86 damages and costs, and from an order denying a motion to set aside the verdict and for a new trial, defendants appeal. Reversed, and new trial ordered.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

---

*⌐or other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Joseph Sapinsky, of New York City, for appellants.
J. Garfield Moses, of New York City, for respondents.

SHEARN, J.   The action is for goods sold and delivered on accounts assigned to plaintiffs.   The defense is payment by the delivery of notes to plaintiffs' assignor, which were paid in due course.   Defendants purchased yarn manufactured by plaintiffs' assignor.   Plaintiffs are bankers.

It is uncontradicted that there was an arrangement made between plaintiffs' assignor, Reissman, who was out of funds and could not make prompt deliveries, that defendants should give their notes to Reissman in lieu of cash advances, the notes to be considered as advances against yarn to be delivered, and that pursuant to the arrangement defendants gave Reissman notes for $873.35 (which included $272.58 for yarn already delivered), $914.75, and $793.11.   Simultaneously with the delivery of these notes, Reissman gave defendants notes of his concern for $603.15, $914.75, and $793.11, respectively. It is established without contradiction that defendants paid these three notes last mentioned, aggregating $2,311.01, out of defendants' funds in defendants' bank, and at the time of payment received other notes from Reissman in corresponding amounts, which notes were never paid by Reissman.   Defendants contend that these payments were, according to the arrangement made, payments for the merchandise against which the defendants' original notes had been delivered.

Reissman assigned the accounts for the merchandise in question to plaintiffs, who sent invoices to defendants.   Although the merchandise had been paid for according to defendants' contention, defendants did not notify plaintiffs of such fact on receipt of the invoices, but now, when sued by the bankers, rely for their defense upon the aforesaid claim of payment.   Plaintiffs insist that the defendants are estopped from setting up payment by their conduct in failing to reveal to the bankers that the bills had been paid.

Defendants' conduct was such as to work an estoppel.   But defendants are only estopped to the extent to which the plaintiffs have been damaged.   Here, concededly, if defendants are held, they will have been obliged to pay twice for these goods.   If the defendants are to pay twice, and if this result is to follow from sustaining plaintiffs' contention of estoppel, the application of the rule of estoppel necessitates proof of the consideration that the plaintiffs parted with for the assignments.   There is no satisfactory evidence in the record showing what the plaintiffs advanced to Reissman for the assignments.   If it appeared that the plaintiffs had only advanced half the amount of the bills, it would work a manifest injustice to compel the defendants, on the theory of an equitable estoppel, to pay the plaintiffs the face of their claim, when the full amount of it had already been paid to plaintiffs' assignor.   The doctrine of estoppel can be invoked only so far as necessary to make the injured party whole.

It is no answer to this to assert that Reissman and the defendants were kiting notes.   Moreover, as pointed out, it is uncontradicted that the amount of the bills, represented by the exchanged notes, was actually paid by defendants in cash.   The verdict is contrary to law

and contrary to the evidence, for the estoppel should only apply to the extent to which plaintiffs prove that they have been damaged.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.